Hearing Date: September 12, 2019 at 10:00 a.m. (EDT)
Objection Deadline: September 5, 2019 at 4:00 p.m. (EDT)

CHAPMAN AND CUTLER LLP
Steven Wilamowsky
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone: 212.655.6000

-and-

Aaron M. Krieger (admitted *pro hac vice*)
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: 312.845.3000

*Proposed Counsel for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                                                  :   Chapter 11
                                                                           :
Retrieval-Masters Creditors Bureau, Inc.,[1]     :   Case No. 19-23185 (RDD)
                                                                           :
                            Debtor.                            :
---------------------------------------------------------x
LANA WILK, individually and on behalf of   :
all others similarly situated,                         :
                                                                           :   Adv. Pro. No. 19-08270 (RDD)
                            Plaintiff;                         :
v.                                                                      :
                                                                           :
RETRIEVAL-MASTERS CREDITORS     :
BUREAU, INC., d/b/a AMERICAN              :
MEDICAL COLLECTION AGENCY,        :
                                                                           :
                            Defendant.                    :
---------------------------------------------------------x

**DEBTOR'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STAY ADVERSARY PROCEEDING**

---

[1] The last four digits of the Debtor's taxpayer identification number is 9495. The location of the Debtor's service address for purposes of this chapter 11 case is 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. The Debtor also does business as American Medical Collection Agency.

Retrieval-Masters Creditors Bureau, Inc. (the "Debtor"), as debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), and as the defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), as and for its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable to the Adversary Proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and sections 105 and 362 of title 11 of the United States Code (the "Bankruptcy Code") seeking: (i) dismissal of the Adversary Proceeding; or (ii) to the extent the Adversary Proceeding is not dismissed, the stay of any further prosecution of the Adversary Proceeding indefinitely pursuant to sections 105(a) and/or 362(a) of the Bankruptcy Code, respectfully represents as follows:

## I.   PRELIMINARY STATEMENT

The Adversary Proceeding is an improper attempt to circumvent the claims administration process and undermine the protection afforded to the Debtor under the automatic stay of section 362 of the Bankruptcy Code. The claims that the named plaintiff, Lana Wilk (the "Plaintiff") alleges on her own behalf and on behalf of a purported class of claimants in the complaint filed in this Adversary Proceeding (the "Complaint") are substantially similar to prepetition claims previously filed by at least twenty other purported class action plaintiffs in various courts and which, prepetition, became the subject of multi-district litigation procedures. The attempted end-run around the automatic stay and claims administration process is improper, and the Adversary Proceeding should be dismissed.

First, the Plaintiff's prepetition claims may not be the subject of an adversary proceeding under Bankruptcy Rule 7001 and should instead be asserted through the claims administration process by filing a proof of claim. Permitting the Adversary Proceeding to proceed would open the floodgates for all holders of prepetition claims against the Debtor to file complaints and

commence adversary proceedings rather than file proofs of claim, thereby undermining one of the primary goals of the Debtor's chapter 11 case, which is to facilitate an orderly wind-up of the Debtor's estate in a way that advances the interests of all the Debtor's stakeholders.

Second, the filing of the Complaint and the commencement of the Adversary Proceeding may constitute a violation of the automatic stay under section 362 of the Bankruptcy Code because the Adversary Proceeding is nothing more than an action to collect prepetition claims that would be stayed if filed and pursued outside the Bankruptcy Court—and which are substantially similar to other actions that were filed in other courts on a prepetition basis and which are, in fact, stayed. And if the commencement itself did not violate the automatic stay, prosecution of the Adversary Proceeding would.

Finally, if the Court declines to dismiss the Adversary Proceeding, the Court should, pursuant to section 105 of the Bankruptcy Code and its inherent powers to manage its docket, order that the proceedings be stayed given the early stage of the Debtor's case. The Debtor is less than one month into its case and should be afforded the necessary "breathing room" to focus its attention on the critical administrative and regulatory matters necessary to move its chapter 11 case forward. Accordingly, as set forth herein, the Complaint should be dismissed or, in the alternative, stayed pursuant to section 105(a) of the Bankruptcy Code.

## II.     RELEVANT FACTS

1.     The Debtor is a debt and medical receivables collection agency that was founded in 1977 in New York City. Over time, the business grew into a thriving agency and, in 1995, relocated to its current location in Elmsford, New York.

2.     The Debtor had two basic business segments. The first principally involved collections from retail consumer debtors of direct mail marketers, among others. The second

involved the collection of receivables on behalf of clinical diagnostic laboratories, doing business under the name American Medical Collection Agency.

3.     In March, 2019, the Debtor became aware of a significant IT security breach involving its servers (the "Data Breach"). That led to a cascade of events that ultimately necessitated the commencement of the instant chapter 11 case. More details regarding these events and the Debtor's business are set forth in the *Declaration of Russell H. Fuchs Pursuant to Local Bankruptcy Rule 1007-2 and in Support of "First Day" Motions* [Main Case Doc. No. 2].

4.     On the Petition Date, the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 2, 2019, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") for the Debtor.

5.     On June 25, 2019, the Plaintiff filed the Complaint, on behalf of herself and a purported class of plaintiffs alleged to be similarly situated. The Complaint asserts counts of negligence, what appears to be a claim of common law invasion of privacy, and violation of an Illinois consumer protection statute, all arising from the Data Breach and which, undisputedly, occurred prior to the Petition Date.

### III.    LEGAL STANDARD

6.     Under Federal Rule 12(b)(6), made applicable in adversary proceedings through Bankruptcy Rule 7012, a Bankruptcy Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." To avoid dismissal under Federal Rule 12(b)(6), a plaintiff must aver in the complaint "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is axiomatic that a claim cannot be plausible when it has no legal basis. Therefore, a dismissal under Federal Rule

12(b)(6) may be based either on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *See Hammer v. U.S. Supreme Court*, 2005 WL 1946038, at *1 (S.D.N.Y. Aug. 11, 2005) (*citing Balistreri v. Pacifica Police Department*, 901 F .2d 696, 699 (9th Cir.1990)). Federal Rule 12(b)(6) applies where, as here, the defendant seeks to dismiss an adversary complaint on the ground that it asserts an improper basis for an adversary proceeding under Bankruptcy Rule 7001. *See, e.g., In re Circuit City Stores, Inc.*, No. 08-35653-KRH, 2010 WL 120014, at *2 (Bankr. E.D. Va. Jan. 7, 2010) (dismissing proposed class action adversary proceeding pursuant to Federal Rule 12(b)(6) where the complaint asserted prepetition claims that the Court found were an improper matter for an adversary proceeding under Bankruptcy Rule 7001 and better asserted through the claims process); *In re Taylor Bean & Whitaker Mortg. Corp.*, No. 3:09-BK-07047-JAF, 2010 WL 4025873, at *3 (Bankr. M.D. Fla. Sept. 27, 2010) (applying Federal Rule 12(b)(6) legal standard to evaluate defendant's motion to dismiss asserting that plaintiffs' claims were an improper matter for an adversary proceeding under Bankruptcy Rule 7001).

### IV.    ARGUMENT

#### A.    The Plaintiff's Adversary Proceeding Is Improper And Must Be Dismissed

##### 1.    The Plaintiff's Claims As Alleged In The Complaint Are Prepetition Claims And Cannot Be Brought Through An Adversary Proceeding

7.    Bankruptcy Rule 7001 "is not . . . an open invitation to commence any sort of adversary proceeding against the Debtor." *Sears, Roebuck and Co. v. Penney* (*In re Penney*), 76 B.R. 160, 161 (Bankr. N.D. Cal. 1983). Rather, it enumerates ten exclusive types of matters that can be brought through an adversary proceeding. *See* Fed. R. Bankr. P. 7001(1)–(10). Importantly, Bankruptcy Rule 7001 does not include a category for recovery of prepetition damages claims against a debtor as asserted in the Complaint in the Adversary Proceeding. *See id.*; *DBL Liquidating Trust v. P.T. Tirtamas Majutama* (*In re Drexel Burnham Lambert Grp.*,

*Inc.*), 148 B.R. 993, 998 (S.D.N.Y. 1992) ("A claim for damages arising from pre-petition conduct is not one of [the] categories [enumerated in Bankruptcy Rule 7001]."); *see also Sears, Roebuck and Co.*, 76 B.R. at 161 (noting that Rule 7001(1) permitting an adversary proceeding to recover "money or property" does not include adversary proceedings by creditors to recover prepetition damages claims).

8. Section 101(5) of the Bankruptcy Code defines a prepetition "claim" to include, among other things, a right to payment, whether or not such right to payment is "reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5)(A). In the Second Circuit, a "a claim, even a contingent claim, arises under the Bankruptcy Code at the time when the acts giving rise to the alleged liability were performed." *In re Chauteaugay Corp.*, 112 B.R. 513, 520 (S.D.N.Y. 1990) *aff'd*, 944 F.2d 997 (2d Cir. 1991).

9. Here, the Plaintiff cannot dispute that the claims asserted in the Complaint are prepetition claims, given that, to the extent they exist at all,[1] they all allegedly arise from the Data Breach and alleged acts or omissions occurring immediately thereafter, prior to the Petition Date. Because the Adversary Proceeding asserts prepetition claims only, it is improper as a matter of law and must be dismissed.[2] *See In re Ephedra Prod. Liab. Litig.*, 329 B.R. 1, 7

---

[1] *See, e.g., Fero v. Excellus Health Plain, Inc.*, 236 F. Supp. 3d 735, 753 (W.D.N.Y. 2017), *on reconsideration sub nom. Fero v. Excellus Health Plan, Inc.*, 304 F. Supp. 3d 333 (W.D.N.Y. 2018) (allegation that data breach created an increased risk of identity fraud was too speculative to constitute an injury-in-fact).

[2] In addition to the monetary relief requested, the Complaint asserts an ancillary request for injunctive relief "requiring Defendant to adopt, implement, and maintain adequate security measures to protect Plaintiff's and Class members' PII." *See* Complaint. at p. 22. This request does not cure the Adversary Proceeding's procedural infirmity. Bankruptcy Rule 7001 provides that an adversary proceeding can include "a proceeding to obtain an injunction or other equitable relief." *See* Fed. R. Bankr. P. 7001(7). But here, the gravamen of the Adversary Proceeding is a request for damages, not an injunction. *See* Complaint, generally. Indeed, the Plaintiff admits that the Adversary Proceeding does not arise under Bankruptcy Rule 7001(7), and that the nature of her lawsuit is not injunctive relief. *See* Adversary Proceeding Docket (identifying "Other (*e.g.* other actions that would have been brought in state court if unrelated to bankruptcy case)," not "FRBP 7001(7) – Injunctive Relief", as the nature of suit). Accordingly, the Court should not permit the Adversary Proceeding asserting prepetition claims for damages to proceed, and allow

(S.D.N.Y. 2005) (noting that putative class representatives could not maintain an adversary proceeding against the debtors asserting the same RICO claims that had been filed in a prepetition State Court action that was stayed under Bankruptcy Code section 362); *DBL Liquidating Trust*, 148 B.R. at 998 (finding that, based on the provisions of Bankruptcy Rule 7001, a claim for damages resulting from the breach of a prepetition contract could not have been brought in an adversary proceeding and could properly be brought only through the proof of claim process).

### 2. The Plaintiff's Prepetition Claims Must Be Asserted Through The Proof Of Claim Process With All Other Unsecured Claims

10. The Adversary Proceeding should also be dismissed as an inappropriate effort to circumvent the claims submission process and push the Plaintiff's claims ahead of other creditors. Claims arising from alleged prepetition conduct—like Plaintiff's claims here—must be asserted through the proof of claim process, not an adversary proceeding. *See* 11 U.S.C. § 501; *see also* Fed. R. Bankr. P. 3002 ("A secured creditor, unsecured creditor or equity security holder must file a proof of claim or interest for the claim or interest to be allowed"); Fed. R. Bankr. P. 7001, Advisory Committee Notes ("proofs of claim and the allowances thereof are governed by rules 3001-3005"); *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 7 ("In bankruptcy, the only appropriate way to assert a claim against a debtor's estate is through the timely filing of a properly executed proof of claim and not through an adversary proceeding.") (internal quotation marks omitted); 10 Collier on Bankruptcy ¶ 7001.02 (stating that an adversary proceeding may not be used as a substitute for a proof of claim).[3] The claims process ensures

---

Plaintiffs to circumvent the claims process to the detriment of other creditors, based merely on the including of a request for an injunction.

[3] In fact, at least one court has held that the Bankruptcy Court may impose sanctions on a party who files a complaint where a proof of claim would have been proper. *See In re Liberty Asset Mgmt. Corp.*, No. 2:16-BK-13575-TD, 2017 WL 1100586, at *5 (B.A.P. 9th Cir. Mar. 21, 2017) (citing *Prewitt v. North Coast Village, Ltd. (In re Prewitt)*, 135 B.R. 641, 64 (9th Cir. B.A.P. 1992) ("[A]n adversary proceeding against the debtor seeking to recover on a pre-petition dischargeable claim . . . could, however, be dismissed and

that all creditors stand on equal footing for purposes of the distribution of a debtor's assets. *See, e.g., In re Levine*, 583 B.R. 231, 235 (C.D. Cal. 2018) (citing *In re Bialac*, 712 F.2d 426, 431 (9th Cir. 1983)).

11. Here, rather than filing a proof of claim through the required claims submission process, the Plaintiff is attempting to use the Adversary Proceeding to seek money damages for her alleged prepetition claims. Allowing the Plaintiff to do so and letting the Adversary Proceeding proceed would undermine the effect of the automatic stay and circumvent the claims process. The Plaintiff should not be able to circumvent the customary process, to the detriment and prejudice of other similarly situated persons asserting unsecured claims, by improperly asserting her prepetition claims through an adversary proceeding. *See Evergreen Solar, Inc. v. Barclays PLC (In re Lehman Bros. Holdings, Inc.)*, 2011 WL 722582, at *8 (Bankr. S.D.N.Y. Feb. 22, 2011)* ("Because a damage claim due to an alleged prepetition breach of contract is not a proper subject for an adversary proceeding, the Court finds that Count II of the Amended Complaint fails to state a claim upon which relief may be granted.")

12. Moreover, allowing the Adversary Proceeding to proceed would invite other prepetition claims holders to initiate adversary proceedings rather than submit proofs of claims— opening these cases up to a potential wave of adversary proceedings that would impair the Debtor's ability to administer its chapter 11 case and clog up this Court's docket. *See In re Circuit City Stores, Inc.*, No. 08-35653-KRH, 2010 WL 120014, at *1 (Bankr. E.D. Va. Jan. 7, 2010) (dismissing proposed class action adversary proceeding pursuant to Federal Rule 12(b)(6) and Bankruptcy Rule 7012(b)(6) where the complaint alleged WARN Act claims for back pay that arose prepetition); *In re Buildings by Jamie*, 230 B.R. 36, 45–46 (Bankr. D.N.J. 1998) (dismissing the creditors' adversary complaint because "the proper procedure for [creditors] to

---

sanctions could be awarded under [Rule] 9011 in an appropriate proceeding, because the claim should have been asserted through the claims allowance process.")

-8-

prosecute claims directly against the debtor is to simply file proofs of claims in accordance with the Bankruptcy Code and the Rules").

        **B.**      **Prosecuting Previously-Asserted Prepetition Claims Through An Adversary Proceeding Constitutes A Violation Of The Automatic Stay**

13.      Section 362 of the Bankruptcy Code stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against a debtor that was or could have been commenced before the commencement of a case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). All that the Bankruptcy Code requires for a violation of the automatic stay is the commencement of a suit against the debtor. *See Greenblatt v. Richard Potasky Jeweler, Inc.* (*In re Richard Potasky Jeweler, Inc.*), 222 B.R. 816, 829 (Bankr. S.D. Ohio 1998) (citing 11 U.S.C. § 362(a)(1)); *see also In re Williams*, 124 B.R. 311, 316 (Bankr. C.D. Cal. 1991) (finding that "actions taken in violation of the automatic stay are void and without effect.").

14.      There is nothing in section 362 that states or even suggests that a lawsuit filed postpetition against a debtor is permissible if commenced in the court in which the debtor's bankruptcy case is pending. Nonetheless, courts have taken varying positions on whether the filing of an adversary proceeding in the debtor's "home court" is a violation of the automatic stay. *See In re Formatech, Inc.*, 496 B.R. 26, 35 (Bankr. D. Mass. 2013) (collecting cases). Indeed, published precedent within this jurisdiction has recognized that such an exception may exist. *See, e.g., In re Bird*, 229 B.R. 90, 94-95 (Bankr. S.D.N.Y. 1999) (stay not applicable to actions brought in court where debtor's case is pending).

15.      Regardless of whether there is a "home court" exception applicable to the automatic stay with respect to the commencement of the Action, however, the Debtor submits that it does not apply to the *continuation* of an action where, as here, an adversary proceeding is

filed for the purpose of pursuing Data Breach-related claims that already are the subject of prepetition state court litigation, such that the pursuit of those claims via an adversary proceeding can only be viewed as an end-run around the normal claims filing process contemplated by section 501 of the Bankruptcy Code.  That is the case here, where at least twenty purported class actions already were filed prior to the Petition Date that raise essentially the same issues as those raised by the Plaintiff here *and which were already stayed* in the prepetition purported class actions.[4]  *See, e.g., Prewitt v. North Coast Village, Ltd.* (*In re Prewitt*), 135 B.R. 641, 644 (9th Cir. B.A.P. 1992) (stating that the "home" Court exception does not "grant[] creditors permission to commence *and continue* with impunity any proceeding against the debtor so long as the proceeding is commenced in the home bankruptcy court.") (emphasis added); *Cf. In re Cashco, Inc.*, 599 B.R. 138, 148 (Bankr. D. N.M. 2019) ("If the automatic stay did not apply to the continuation of the litigation after removal, a debtor would be required, for example, to respond to interrogatories and requests for production served prior to removal, and participate in previously scheduled depositions even if such depositions were scheduled to occur after the filing of the bankruptcy.")

16.     Indeed, allowing claimants to pursue prepetition claims otherwise subject to the automatic stay under the guise of an adversary proceeding in the Bankruptcy Court would render the protection afforded by the automatic stay completely meaningless.  *See Sears, Roebuck and Co.*, 76 B.R. at 162 (holding that a prepetition state law cause of action brought as an adversary proceeding was "exactly the same action [the creditor] would file in state court had there been no bankruptcy," and it "is sheer nonsense" for the creditor to believe it could circumvent the stay simply because "the suit [was] filed in bankruptcy court").

---

[4]    Many of these class actions already were the subject of a multi-district litigation process pending before the United States Judicial Panel on Multidistrict Litigation in Case No. 2904, commenced on June 4, 2019.

17.   If this Adversary Proceeding were allowed to proceed on its own path, the Debtors would be forced to direct resources of the estates to defend against Plaintiff's prepetition claims as they would have had to do if the automatic stay did not exist. The Debtor therefore respectfully submits that if the Adversary Proceeding is not dismissed, the Court should confirm that it is stayed pursuant to section 362(a) of the Bankruptcy Code.

      **C.   Even If The Court Declines To Dismiss The Adversary Proceeding, Adjudication Is Premature And Should Be Stayed**

18.   If the Court were not inclined to dismiss the Complaint, the Debtor alternatively requests an order that stays and defers prosecution of the Adversary Proceeding. *See Prewitt*, 135 B.R. at 643; *see also In re Am. Spinning Mills, Inc.*, 43 B.R. 365, 367 (Bankr. E.D. Pa. 1984) ("If the continued prosecution of disputed matters in bankruptcy court proves to be unreasonably burdensome to the debtor, he may apply to the court to stay the proceedings or bar them under 11 U.S.C. § 105(a)."). The Court unquestionably has authority under section 105 and pursuant to its inherent powers to control its own docket to stay the Adversary Proceeding. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); *In re Bird*, 229 B.R. 90, 95 (Bankr. S.D.N.Y. 1999) ("[I]t should be emphasized, this court has control over the matters on its docket such that, if an adversary proceeding be premature, the court may defer adjudication."); *see also WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) ("We have recognized that district courts… may stay a case pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (citations and internal quotation marks omitted).

Here, allowing the Adversary Proceeding to proceed would contravene the intent and purpose of the automatic stay and would force the Debtor—and this Court—to address the Plaintiff's claims ahead of all other claims, prejudicing all other prepetition claimants, and

wasting judicial time and resources. This is especially so where, as here, the Debtor is less than a month into its chapter 11 proceeding and is still dealing with many of the emergent issues that attend to chapter 11, particularly a case such as the Debtor's with its regulatory aspects.

## V.     CONCLUSION

WHEREFORE, for the reasons set forth above, the Debtor respectfully submits that the Court should dismiss the Adversary Proceeding or, in the alternative, stay prosecution of the Adversary Proceeding indefinitely pending further Order of the Court.

Dated:  July 12, 2019
        New York, New York

CHAPMAN AND CUTLER LLP
*Proposed Counsel for the Debtor and Debtor in Possession*

By:  /s/Steven Wilamowsky
     Steven Wilamowsky
     1270 Avenue of the Americas
     30th Floor
     New York, NY 10020-1708
     Telephone: 212.655.6000

     -and-

     Aaron M. Krieger (admitted *pro hac vice*)
     111 West Monroe Street
     Chicago, IL 60603-4080
     Telephone: 312.845.3000